*Sweeney & Stuart, for appellants.*

---

JAMES M. JOHNSON *v.* J. W. NUNN.

Fraudulent Conveyances—Advanced by Third Party—Preferred Lien.

A advanced to B money to redeem lands sold under execution, with right of redemption, and took a deed from B to A, in consideration therefor. In a subsequent execution by creditors to subject the land to other liens; held, that B's conveyance to A is a mortgage creating a prior lien on the land.

**Same—Personality Mortgaged.**

> When personal property was included in the deed of conveyance, A would be required to exhaust same, before subjecting his preferred lien on the real property.

APPEAL FROM METCALFE CIRCUIT COURT.

October 22, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

By virtue of an execution in favor of Winchester Nunn, the sheriff of Metcalfe county levied upon and sold the life interest of Joseph W. Pace in a small tract of land. The same having been sold for less than two-thirds of its appraised value, the right of redemption was levied on and sold to satisfy an execution in favor of Willis Whitlow. Both sales in the aggregate amounted to less than two-thirds of the appraised value of Pace's interest in the land. On the 24th of August, 1868, James W. Johnson advanced to Pace $279.40, the amount necessary to redeem said land from the execution purchasers, and on the same day and immediately after the same was redeemed, Nunn sued out his execution against Pace (which had been but partially satisfied by the sale of the land) and placed it in the sheriff's hands at 3 o'clock p. m. In consideration of the amount advanced by Johnson, Pace had conveyed the land to him, about one hour before Nunn's execution was placed in the sheriff's hands, but the conveyance does not seem to have been acknowledged until a short time thereafter. The sheriff having levied on Pace's interest in the land, Johnson brought this suit to enjoin the sale. Upon the trial the court below dissolved his injunction and dismissed his petition, as we presume upon the ground that the conveyance to him from Pace was fraudulent.

We do not so regard it. It seemed to have been openly and publicly executed, and Nunn, the creditor, was present and called upon to witness it.

The mortgage upon the personal property, executed at the same time, together with other circumstances in the case, incline us to the opinion however, that the conveyance of the land was intended only as a mortgage to secure the repayment to Johnson of the money advanced to him, and it should be so treated by the

court. The effect of the judgment appealed from is to deprive Johnson of any benefit whatever from his conveyance or to make a suit with the purchaser under Nunn's new levy inevitable, and the court having jurisdiction of the whole matter in this proceeding should have settled the rights of the parties.

Pace's interest should be subjected to the payment of Nunn's debt, but out of the proceeds of the same. Johnson's claim should first be satisfied, he being required to first exhaust the personal property embraced in the mortgage to him.

The judgment is reversed and the cause remanded for further proceedings consistent herewith.

*James, for appellant.*
*Garnett, for appellee.*